# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SCAGGS, | Case No.: 1:19-cv-01559-JLT (HC) |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| v. | |
| A. CIOLLI, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| Respondent. | |
| | [THIRTY-DAY OBJECTION DEADLINE] |

Petitioner is in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, California. He filed the instant federal petition on November 1, 2019, challenging his conviction pursuant to 28 U.S.C. § 2241. For reasons that follow, the Court finds that Petitioner fails to satisfy the "savings clause" or "escape hatch" of § 2255(e). Therefore, the Court will recommend that the petition be DISMISSED for lack of jurisdiction.

## BACKGROUND

On June 10, 2008, Petitioner was convicted by a jury for first degree murder in violation of 18 U.S.C. § 1111. See United States v. Scaggs, 377 Fed. Appx. 653, 655 (9th Cir. Cal. April 26, 2010). The charges arise from the January 1993 robbery and murder of Mark Smith at the 32nd Street Naval Station in San Diego. Id. On November 3, 2008, Petitioner was sentenced to life imprisonment. See id. The district court entered its final judgment and commitment order on November 10, 2008.

1

Petitioner appealed to the Ninth Circuit Court of Appeals. On April 26, 2010, the Ninth Circuit affirmed the convictions. Scaggs, 377 Fed. Appx. 653, 655.

Petitioner brings this habeas petition challenging his conviction under Rosemond and Begay. (See Doc. 1.) He claims he is actually innocent of the felony murder conviction because Rosemond's statutory interpretation of 18 U.S.C. § 2 effects a material change in the application of applicable law that was unavailable during trial and direct appeal. He also claims the Ninth Circuit's decision in Begay has a material effect in the applicable law defining the elements of § 1111(a) and the jury was erroneously instructed on felony murder.

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006), *cert. denied*, 549 U.S. 1313 (2007). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163; Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted).

Nevertheless, an exception exists by which a federal prisoner may seek relief under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255. United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting 28 U.S.C. § 2255); see Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864-65. "[I]f, and only if, the remedy under § 2255 is 'inadequate or

2

ineffective to test the legality of his detention'" may a prisoner proceed under § 2241. <u>Marrero v. Ives</u>, 682 F.3d 1190, 1192 (9th Cir. 2012); <u>see</u> 28 U.S.C. § 2255(e). The Ninth Circuit has recognized that it is a very narrow exception. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir. 2003). The exception will not apply "merely because section 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a § 2255 motion. <u>Id.</u>, 328 F.3d at 1059 (ban on unauthorized or successive petitions does not *per se* make § 2255 inadequate or ineffective); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); <u>Moore v. Reno</u>, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion).

The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective' remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner: (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at presenting the claim. <u>Harrison</u>, 519 F.3d at 959; <u>Stephens</u>, 464 F.3d at 898; *accord* <u>Marrero</u>, 682 F.3d at 1192. The burden is on the petitioner to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. <u>Ivy</u>, 328 F.3d at 1060.

Petitioner is challenging the validity and constitutionality of his conviction as imposed by the United States District Court for the Southern District of California, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the Southern District of California, not a habeas petition pursuant to § 2241 in this Court. Petitioner argues the remedy under § 2255 is inadequate and ineffective. (Doc. 1 at 10.) Petitioner's argument is unavailing, because he does not present a claim of actual innocence or demonstrate that he has never had an unobstructed procedural opportunity to present his claim.

    A.    <u>Actual Innocence</u>

In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in <u>Bousley v. United

States, 523 U.S. 614 (1998). Stephens, 464 U.S. at 898. In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation marks omitted). Actual innocence means factual innocence, not mere legal insufficiency. Id. In this case, relying on Rosemond v. United States, 572 U.S. 65 (2014), Petitioner argues that he is actually innocent for aiding and abetting a felony murder. (Doc. 1 at 10-12.) Specifically, Petitioner claims that Rosemond's statutory interpretation of 18 U.S.C. § 2 effects a material change in the application of applicable law that was unavailable during trial and direct appeal, and this unavailability deprived Petitioner of the correct jury instruction. (Doc. 1 at 12-13.) Petitioner contends that the trial court's instruction did not require the jury to find that he had joined the crime before the victim was killed. (Doc. 1 at 13.) Petitioner argues that a flawed instruction as this misled the jury or deprived Petitioner of his constitutional right to have the jury convict him with the correct application of the law. (Doc. 1 at 13.)

In Rosemond, the Supreme Court held that conviction of a charge of aiding and abetting an 18 U.S.C. § 924(c) violation requires proof of advance knowledge that a co-defendant would use or carry a gun. Rosemond, 134 S.Ct. at 1249-50. Thus, Rosemond is not relevant to the issue of whether Petitioner is actually innocent of that charge, but rather to whether he is legally innocent of that charge. As mentioned, in this case, the Court need not determine whether Petitioner has had an unobstructed procedural shot or whether his claim, based on Rosemond, is one involving factual, or merely legal, innocence, because Rosemond is presently inapplicable to cases, such as the instant one, that are on collateral review.

Instead, Rosemond was decided on direct review, and, accordingly, the Supreme Court had no occasion to address an actual innocence claim, but rather merely the underlying instructional error claim. Moreover, there is no indication in the decision by the Court that the rule declared therein regarding the mental state required to aid and abet a § 924(c) offense would apply retroactively on collateral appeal. Reyes-Requena, 243 F.3d at 903. For this reason alone, Petitioner is not entitled to avail himself of the "savings clause."

Petitioner also claims that the intervening decision of United States v. Begay, 934 F.3d 1033

4

(9th Cir. Ariz. August 19, 2019), provided the interpretation of § 1111(a) elements and supports Petitioner's actual innocence claim. (Doc. 1 at 13-15.) Specifically, according to Petitioner, the jury instruction on § 1111(a) provided the jury with elements mainly for second degree murder as these elements are defined in Begay, but the jury convicted under a first-degree murder theory with second degree murder elements. (Doc. 1 at 14.) Petitioner claims that had the Begay interpretation of § 1111(a) elements been presented as second-degree elements, no reasonable juror would have convicted him for aiding and abetting first degree felony murder. (Doc. 1 at 14.)

In Begay, the Ninth Circuit held that second-degree murder is not a "crime of violence" under § 924(c)(3)(A). Id. at 1038. According to the Ninth Circuit in Begay, because the malice aforethought element for second-degree murder can be proven with reckless conduct, it is categorically not a crime of violence, which requires the intentional use of force. Begay, 934 F.3d at 1039. From Begay, Defendant argues that the evidence did not establish Petitioner performed any act that satisfied premeditation or malice aforethought, on the basis that he joined the charged offense after the robbery and murder occurred. (Doc. 1 at 14.)

Though Petitioner is correct that the only difference between first-and second-degree murder is that the former requires a premeditation element, he is incorrect about the effect of this difference. This is because unlike second-degree murder, the premeditation element forecloses the possibility of proving first-degree murder with merely reckless conduct. Premeditation requires that a killer has "form[ed] the intent to kill," and has "been fully conscious of the intent and to have considered the killing." Ninth Cir. Model Criminal Jury Instructions 8.107; United States v. Free, 841 F.2d 321, 325 (9th Cir 1988). So, first-degree murder requires "the intent to kill," and it is this intentionality requirement which fits the crime squarely into the crime of violence definition in § 924(c)(3)(A). Ninth Cir. Model Criminal Jury Instructions 8.107; Free, 841 F.2d at 325. Although both first-and second-degree murder have a malice aforethought element, first-degree murder's malice aforethought element cannot be satisfied with merely reckless conduct because of the additional premeditation element. Consequently, Defendant's reliance on Begay is misplaced. The conviction of first-degree murder establishes that the jury found that Petitioner performed an act with premeditation or malice aforethought. Petitioner fails to demonstrate that, as a result of this decision, it is more likely

than not that no reasonable juror would have convicted him. See Bousley, 523 U.S. at 623.

Section 2255 motions must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is only the custodial court and construes the petition as a § 2255 motion, this Court lacks jurisdiction over the petition. Hernandez, 204 F.3d at 864-865. In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

      B.      Unobstructed Procedural Opportunity

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That is, an intervening court decision must "constitute[] a change in the law creating a previously unavailable legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (second emphasis added) (citing Ivy, 328 F.3d at 1060).

Petitioner claims that he has not had an unobstructed procedural shot to present his claim due to abandonment of appellate counsel during direct appeal. (Doc. 1 at 15-17.) However, Petitioner fails to demonstrate that an intervening court decision effected a material change in the applicable law to create a previously unavailable legal basis for petitioner's claim. See Alaimalo, 645 F.3d at 1047; Harrison, 519 F.3d at 961. Therefore, the Court concludes that Petitioner has not demonstrated that Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Section 2241 is not the proper statute for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

**ORDER**

Accordingly, the Court DIRECTS the Clerk of Court to assign a district judge to the case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 24, 2020**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE