UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SCAGGS,<br><br>    Plaintiff,<br><br>    v.<br><br>A. CIOLLI,<br><br>    Defendant. | No. 1:19-cv-01559-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 6) |

Petitioner Leonard Scaggs is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 27, 2020, the assigned magistrate judge issued findings and recommendations, recommending that the pending petition be dismissed for lack of jurisdiction because petitioner (1) does not present a claim of actual innocence and (2) has not established that he did not have an unobstructed procedural shot to assert his habeas claims, both of which requirements must be met when a federal prisoner challenges the legality of his detention under 28 U.S.C. § 2241 as opposed to 28 U.S.C. § 2255. (Doc. No. 6.) On February 20, 2020, petitioner timely filed his objections to the findings and recommendations. (Doc. No. 8.)

1

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
2  court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
3  including petitioner's objections, the court finds the findings and recommendations to be
4  supported by the record and proper analysis.
5    On June 10, 2008, following a jury trial, petitioner was convicted in the United States
6  District Court for the Southern District of California of aiding and abetting first degree felony
7  murder in violation of 18 U.S.C. § 1111 and 2.  *See United States. v. Scaggs*, 3:06-cr-00206-JAH
8  (S.D. Cal.), Doc. Nos. 18, 193; *United States v. Scaggs*, 377 Fed. Appx. 653 (9th Cir. 2010); (*see*
9  *also* Doc. No. 1 at 7.)  The felony underlying that conviction was a robbery.  (Doc. No. 1 at 7.)
10 Both in his petition for federal habeas relief and in his objections to the pending findings and
11 recommendations, petitioner argues that he is actually innocent of that crime because his role in
12 the offense occurred after both the robbery and the murder had been completed.  (Doc. Nos. 1 at
13 3; 8 at 3–6.)  In arguing that he is actually innocent of aiding and abetting first degree felony
14 murder, petitioner contends that the Supreme Court's decision in *Rosemond v. United States*, 572
15 U.S. 65 (2014), and the Ninth Circuit's subsequent application of *Rosemond* in *United States v.*
16 *Goldtooth*, 754 F.3d 763 (9th Cir. 2014) as well as its decision in *United States v. Begay*, 934
17 F.3d 1033 (9th Cir. 2019), *reh'g held in abeyance,* No. 14-10080, 2019 WL 7900329 (9th Cir.
18 Dec. 5, 2019), constitute "intervening authority that was unavailable during [his] direct appeal
19 and the period for his [28 U.S.C. ] § 2255 motion."  (Doc. No. 8 at 3.)
20   For the reasons explained below, petitioner's reliance on the cited decisions, however, is
21 unavailing in that they fail to establish his actual innocence of the crime of conviction nor that
22 that he did not have an unobstructed procedural shot to assert the claims he now attempts to assert
23 pursuant to § 2241.
24   In *Rosemond*, the Supreme Court held that "[a]n active participant in a drug transaction
25 has the intent needed to aid and abet a [18 U.S.C.] § 924(c) violation when he knows that one of
26 his confederates will carry a gun." 572 U.S. at 77.  Relying on this authority, petitioner argues
27 that he is actually innocent of the aiding and abetting a felony murder charge for which he was
28 convicted because, "[n]ot once were the jurors [at his trial] instructed that to convict [him], [the

2

government] had to prove he had 'advance knowledge' that an armed robbery would be committed, or that he possessed 'advance knowledge' that a firearm would be used during a robbery, or that he possessed 'advance knowledge' that a murder would be committed during the commission of the robbery." (Doc. No. 8 at 4.)  In advancing this argument, plaintiff misinterprets the holding in *Rosemond*.  The defendant in that case was convicted of "violating [18 U.S.C.] § 924(c) by using a gun in connection with a drug trafficking crime, or aiding and abetting that offense under § 2 of Title 18." *Rosemond,* 572 U.S. at 68.  In determining when one might be guilty of aiding and abetting a violation of 18 U.S.C. § 924(c)—which is *not* the offense that underlies the conviction petitioner is challenging here—the Supreme Court found that the intent requirement of 18 U.S.C. § 2 is satisfied "when [one] knows that one of his confederates will carry a gun." *Id.* at 77.[1]  Notably, 18 U.S.C. § 924(c) specifically "prohibits 'us[ing] or carr[ying]' a firearm 'during and in relation to any crime of violence or drug trafficking crime.'" *Id.* at 67 (quoting 18 U.S.C. § 924(c)).  Petitioner, however, was convicted of aiding and abetting a first degree felony murder where the underlying felony was a robbery, and he has pointed this court to no authority—and the court is aware of none—suggesting that the intent requirement recognized by the Supreme Court in *Rosemond* with respect to the use or carrying of a firearm element of aiding and abetting a drug trafficking crime or a crime of violence under § 924(c) applies to the aiding and abetting of a robbery that results in murder.  Rather, "[f]ederal case law makes clear that for felony murder, murder's 'malice aforethought' requirement is satisfied by proving intent to commit the predicate felony." *United States v. Ford*, No. 06-cr-00083-EFS, 2009 WL 799672, at *4 (E.D. Wash. Mar. 24, 2009) (citing *United States v. Miguel*, 338 F.3d 995, 1006 (9th Cir. 2003) (noting that, to convict a defendant of felony murder, "the Government need only prove the intent to commit the felony")).

/////

---

[1] Indeed, even in the context of a § 924(c) charge, the Supreme Court's decision in *Rosemond* did not change the law in the Ninth Circuit regarding aiding and abetting the commission of that offense. *See Maxwell v. Clay*, No. CV-16-00393-TUC-JAS (DTF), 2018 WL 2729236, at *6 (D. Ariz. May 11, 2018), *report and recommendation adopted by* 2018 WL 2722325 (D. Ariz., June 06, 2018).

Petitioner next contends that the Ninth Circuit's decision in *Begay*—that "second-degree murder may be committed recklessly . . . and need not be committed willfully or intentionally," 934 F.3d at 1040—"implicitly revealed that First Degree murder must be committed with willful and intentional intent to kill." (Doc. No. 8 at 8.) Petitioner argues that "nothing from the evidence at [his] trial demonstrated that he even knew in advance about the robbery and murder prior and during their commission." (*Id.*) Accordingly, petitioner contends that the jury at his trial convicted him "under [a] first degree murder theory with second degree elements" because the "jury instruction on [18 U.S.C.] § 1111(a) provided the jury with elements mainly for second degree murder as these elements are defined in [*Begay*]." (Doc. No. 1 at 14.) The court is confused by petitioner's reliance on the Ninth Circuit's decision in *Begay*. To the extent that petitioner is arguing that *Begay* required the government to prove that he had intended for the robbery to result in a murder in order for him to be convicted of felony murder, that argument is entirely unsupported. As discussed, federal case law makes clear that for a 18 U.S.C. § 1111(a) felony murder conviction, the malice aforethought requirement is satisfied by proving the intent to commit the predicate felony. In *Goldtooth*, a decision petitioner relies heavily upon here, the Ninth Circuit noted that "[t]o aid and abet a robbery, . . . [one] must have had foreknowledge that the robbery was to occur." 754 F.3d at 768.

Presumably the jury at petitioner's trial found that he possessed the requisite intent to commit the predicate robbery because it ultimately convicted him of aiding and abetting a first degree felony murder that resulted from that robbery. To the extent that petitioner is arguing that he did not have such foreknowledge and that an erroneous supplemental jury instruction allowed the jury to convict him of felony murder even if it found that he joined the others only during the escape after the murder had been committed, the Ninth Circuit specifically addressed and rejected that argument on direct appeal. *Scaggs*, 377 F. Appx. at 658 (noting that any "flaw was in the felony murder instruction, which did not require the defendant to have joined the crime before the victim was killed. Leonard did not object to the felony murder instruction and has not appealed from it.").

/////

4

The pending findings and recommendations correctly conclude that petitioner has "fail[ed] to demonstrate that an intervening court decision effected a material change in the applicable law to create a previously unavailable legal basis for petitioner's claim." (Doc. No. 6 at 6.) The argument that he appears to be raising—that the felony murder jury instruction given at his trial was inadequate—certainly could have been raised on direct appeal or on a motion pursuant to 28 U.S.C. § 2255.[2]

Having concluded that the pending petition brought under 28 U.S.C. § 2241 must be dismissed, the court now turns to whether a certificate of appealability should issue. *Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA.") (citing *Porter v. Adams*, 244 F.3d 1006, 1006–07 (9th Cir. 2001)). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the court finds that reasonable jurists would not find the court's determination that

/////

---

[2] Petitioner notes that after the sentence was imposed pursuant to his federal conviction his federal appellate counsel "never once responded to his inquiries" and that he only learned that his federal appeal was denied after his attorney from his separate state case "review[ed]" his federal case. (Doc. No. 1 at 16–17.) "By this time, [petitioner's] 90-days to file a writ of certiorari and his one-year to file a § 2255 [motion] had expired." (*Id.*) Accordingly, petitioner argues that as a result of his federal counsel's "abandonment," "he has not had an unobstructed procedural shot to raise [his] claim[s]." However, petitioner provides no support for his contention that his federal appellate counsel's lack of communication with him is sufficient to establish that he has not had an unobstructed procedural shot to assert the claims he is attempting to assert in this § 2241 action.

the pending petition should be denied to be debatable or wrong, or that petitioner should be allowed to proceed further.

For the reasons set forth above,

1. The findings and recommendations (Doc. No. 6) are adopted;
2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed for lack of jurisdiction;
3. The Clerk of the Court is directed to close this case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 19, 2020**

UNITED STATES DISTRICT JUDGE

6